IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRANSCONTINENTAL INSURANCE
COMPANY, ET AL.                                                                     PLAINTIFFS

vs.                                    CASE NO. **3:06CV83GH**

RAINWATER CONSTRUCTION
COMPANY, ET AL.                                                                     DEFENDANTS

**ORDER**

Pending before the Court are cross motions for summary judgment. Plaintiffs Transcontinental Insurance Company and Transportation Insurance Company (Transcontinental or plaintiff) filed a complaint for declaratory judgment seeking a determination of whether the insurers have a duty to defend or indemnify defendants Rainwater Construction Company (Rainwater) and Rickey Kitchen against the actions filed against them in the Circuit Court of Craighead County, Arkansas.[1] The state court action is for damages arising from a motor vehicle accident on October 19, 2005, when a trailer owned by Rainwater became detached from the truck that was pulling it, also owned by Rainwater and driven by Kitchen, and crashed into a vehicle occupied by Michael New and Scott Lane. The News and the Lanes are each seeking compensatory damages in the amount of $5 million, and are each seeking punitive damages in the amount of $1 million. Plaintiff contends that the insurance policies of Rainwater do not establish any coverage for the accident and that therefore Transcontinental does not have a duty to defend or pay for any of the claims of the News or the Lanes.

The facts are not in dispute. Rather, the question is interpretation of the insurance contract. Rainwater held two insurance policies which are relevant to this action, an

---

[1] *New v. Rainwater Construction Co., LLC*, No. CV2005-235 (DB), in the Circuit Court of Craighead County, Arkansas, Western District and *Lane v. Rainwater Construction Co., LLC*, No. CV-2006JF, in the Circuit Court for the Western District of Craighead County, Arkansas

-1-

automobile liability insurance policy and a commercial umbrella insurance policy both of which were issued by Transcontinental and both of which had effective dates of March 18, 2005 to March 18, 2006. [2] Both policies were in full force and effect on October 19, 2005, the date of the accident which gives rise to the underlying state court action against Rainwater.

The automobile insurance policy contained a provision that: Transcontinental "will pay all sums an "insured" legally must pay as damages because of "bodily injury" or property damage" to which [the] insurance applies, caused by an "accident" and resulting form the ownership, maintenance or use of a covered "auto." [3] The policy further provides that an insured includes Rainwater and anyone else while using with the insured's permission a covered "auto" owned, hired or borrowed from the insured.

The auto policy contains an "named excluded driver" provision, which excludes Rickey Kitchen. In particular, the endorsement to the policy names Kitchen as an excluded driver and further provides that the insurance

> does not apply to any claims, damages, expenses or "loss"
>
> 1. Arising out of the maintenance, operation or use of any "auto" by the "named excluded driver" whether or not such maintenance, operation or use was with the express or implied permission of any "insured" or the owner of the "auto" and/or,
>
> 2. For any negligence which may be imputed to any "insured" by law arising out of the maintenance, operation or use of any "auto" by the "named excluded driver" including, but not limited to, any claims against any "insured" for negligent driving, negligent retention and/or negligent entrustment.

The umbrella policy provides coverage under certain circumstances over and above that which is provided by the underlying automobile policy. If coverage is found under the automobile liability policy, then the umbrella policy also provides coverage.

When the automobile policy was renewed by agent Steven Shoemaker, Rainwater

---

[2] Transcontinental also issued a transportation liability policy to Rainwater. Rainwater does not seek benefits under that policy.

[3] A trailer with a load capacity of 2,000 pounds or less is considered a covered "auto" under the policy.

discovered that Rickey Kitchen, one its employees, had his driver's license suspended. As a result Kitchen was named on the named driver exclusion dated April 7, 2005. On April 18, 2005, the state court released the suspension of Kitchen's driver's license and he obtained a new driver's license on July 22, 2005.

On October 19, 2005, at approximately 12:15 p.m. Michael New was a passenger in a truck by Scotty Lane that was owned by the City of Jonesboro. Kitchen was traveling in a truck owned by Rainwater company which had a trailer loaded with pipe attached to it. As Kitchen was crossing an overpass the trailer he was towing came off the vehicle. The trailer crossed the median and struck the vehicle occupied by New and Lane, seriously injuring them.[4] It is undisputed that the trailer came loose from the truck because of an improper latching mechanism which Rainwater used. It is undisputed that Kitchen was not negligent in his operation of the truck.

The issue, quite simply, is whether the injuries sustained by defendants arose from the use, operation or maintenance of the vehicle by Kitchen. If so, the claim is precluded by the excluded driver provision unless there is some basis to find that Kitchen should not be excluded.

> Under Arkansas law it is well settled that we must give effect to the plain meaning of unambiguous language in an insurance policy without resort to rules of construction . If language is ambiguous, however, we will construe the language "liberally in favor of the insured and strictly against the insurer." If language is susceptible of one interpretation favorable to the insured and another favorable to the insurer, we must adopt the interpretation favorable to the insured. Like all contracts, insurance contracts receive "a practical, reasonable, and fair interpretation, consonant with the apparent object and intent of the parties in light of their general

---

[4]There is a dispute as to what vehicles were involved. News' amended complaint states that New was a passenger in a 1997 Ford F150 being driven by Lane and owned by the City of Jonesboro and that Kitchen was driving a 1995 GMC tractor-trailer owned by Rainwater. The Lanes' complaint states that Scottie Lane was operating a 1995 GMC tractor-trailer unit owned by the City of Jonesboro and that Kitchen was driving a 1997 Ford F150 pickup truck. According to Danny Rainwater's deposition, Rainwater owned a Ford truck. Transcontinental in its statement of material facts states that Lane was driving the 1997 Ford F150 and Kitchen was driving the 1995 GMC tractor-trailer. Rainwater in its statement of material facts states that Kitchen was driving a Ford F150 truck. That there is factual dispute over the vehicles involved is not material and does not affect the Court's decision.

> object and purpose." We construe language in light of "its plain, ordinary, and popular sense." Different clauses of an insurance contract are read together to harmonize all parts because it is error to give effect to one clause over another when the two clauses are reconcilable. We will not adopt a construction that "neutralizes any provision of a contract" if we can construe the contract to give effect to all provisions.

*Ohio Cas. Ins. Co. v. Union Pacific Railroad Co, .*  2006 WL 3476477, *4 (8th Cir.(Ark. (C.A.8 (Ark.),2006)(citations omitted). Furthermore, an exclusionary clause, as is the case here, is "strictly interpreted, with all reasonable doubts resolved in favor of the insured." *Arkansas Farm Bureau Ins. Companies v. Jackson*, 27 Ark. App. 273, 276 (1989).

Both plaintiffs and defendants rely on *Hisaw v. State Farm Mut. Auto. ins. Co.*, 353 Ark. 668 (2003) to support their positions. In *Hisaw*, the underinsured motorist coverage covered any claims arising out of the use, maintenance or operation of an underinsured vehicle. The underinsured vehicle was driven by a drunker underinsured motorist into a ditch. Hisaw, a volunteer firefighter, was called to the scene. Hisaw was insured as the door swung shut when he went to retrieve something from the vehicle. The Arkansas Supreme Court gave a broad interpretation to "arising under" and rejected a proximate-cause and "but-for" analysis. *Id.* at 679-81. An injury arises out of the use of an insured vehicle, "if it is shown that some causal connection exists between the liability-causing event and the proper use of the vehicle." *Id.* at 680 (citations omitted).

The Eighth Circuit in *Ohio Casualty* recently addressed the issue of "arising under." In that case, Tri-State had entered into a contract with the railroad to provide traffic control services at the railroad construction sites. A train collided with a vehicle driven by Joseph Johnson at a railroad crossing. A the time of the accident, Tri-State was providing traffic control services at the work site. However, when the accident occurred, construction had temporarily ceased and the railroad foreperson had released the Tri-State flaggers for lunch. The district court found that there was not a causal connection between Tri-State's work and the Johnson accident. The Eighth Circuit, giving "arising out of" a broad

interpretation in favor of coverage, disagreed. "A causal connection between the likelihood of such a collision and the quality of Tri-State's work in providing traffic control is reasonably apparent on the facts of this case." 2006 WL 3476477, at *7.

As noted by defendants, the issue here involves an exclusionary clause rather than an inclusory one. Nevertheless, certain principles can be gleaned from the courts' interpretation of "arising out of." The "arising out of " language should be strictly construed against the insurer and an ambiguous interpretation should be construed in favor of the insured. There must be a causal connection greater than "but for" between the damages sustained by defendants and Kitchen's driving for the exclusion to apply.

Applying an interpretation in favor of the insured, it is clear that the exclusionary clause should not apply as defendants' damages did not arise from Kitchen's operation of the vehicle. The causal connection between the failure to properly attach the trailer and the accident is readily apparent. The interpretation advanced by plaintiff, that is there is no coverage as an excluded driver was driving at the time of the accident, flies in the face of a reasonable interpretation of the insurance contract. As defendants note, Kitchen's driving was entirely incidental to the accident. The trailer would have detached regardless of who was driving. Clearly, the accident was caused by the improperly attached trailer, not Kitchen's driving.

The Court finds that the accident is covered by Rainwater's auto liability policy and the umbrella policy.

Rainwater seeks attorney's fees under Ark. Code Ann. § 23-79-209(b). Ark. Code Ann. § 23-79-209 provides:

> (a) In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his or her rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.

    (b) The fees shall be based on the face amount of the policy involved.

    (c) The attorney's fees shall be taxed by the court where the suit is heard on original action, by appeal or otherwise, and shall be taxed up as a part of the costs therein and collected as other costs are or may be by law collected.

In an action for declaratory judgment, the insured is entitled to a reasonable attorney's fee. *See Silverball Amusement, Inc. v. Utah Home Fire Ins.* Co., 842 F. Supp. 1151, 1166 (W. D. Ark. 1994), *aff'd*, 33 F. 3d 1476 (8th Cir.).   *See also Newcourt Financial, Inc. v. Canal Ins. Co.*, 341 Ark. 181 (2000). Rainwater's request for attorney's fees is granted.   It shall submit its specific request within eleven days of the date of this Order.

Accordingly, the motions for summary judgment of defendants New and Lane and the Rainwater Construction Company are granted; the motion for summary judgment of Transcontinental Insurance Company is denied.  Judgment will be entered in favor of defendants.

IT IS SO ORDERED this 12th day of December, 2006.

                                        */s/ George Howard, Jr.*
                                        UNITED STATES DISTRICT JUDGE