IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY, ET AL. | | PLAINTIFFS |
| vs. | CASE NO. **3:06CV83GH** | |
| RAINWATER CONSTRUCTION COMPANY, ET AL. | | DEFENDANTS |

### **ORDER**

On December 12, 2006, the Court entered judgment in favor of defendants and against plaintiff on plaintiff's action for a declaratory judgment. The Court found that plaintiff had a duty to defend and/or indemnify Rainwater in actions filed against Rainwater in state court by state court plaintiffs, Michael and Charlotte New and Scottie and Debbie Lane.. The Court further awarded attorney's fees for defendant Rainwater pursuant to Ark. Code Ann. § 23-79-209.. Rainwater was directed to file its specific request within eleven days.

On December 22, 2006, defendants Rainwater Construction, LLC, Timothy rainwater, and Arthur D. Rainwater (collectively "Rainwater") filed its petition for attorney's fees. It suggests that it is entitled to $240,000 based on 12% of the policies.[1] Rainwater posits this amount as a middle ground based on a 1/3 contingency fee basis, and an hourly rate plus a 12% penalty based on the language Ark. Code Ann. § 23-79-208.

Plaintiffs Transcontinental Insurance Company and Transportation Insurance Company (collectively "CNA") objects to the fee request because of a settlement agreement Rainwater executed with CNA. In that agreement, CNA agreed to pay two million dollars (the policies' limits) to the News and Lanes, plaintiffs in the underlying state court action.

---

[1] Each of the two policies had a $1million limit.

The December 20, 2006, letter from CNA to counsel for the Lanes, News and Rainwater states that CNA accepts the joint settlement "in exchange for a full release and dismissal with prejudice of all claims against CNA and its insureds . . . " asserted in the underlying state court action and this declaratory judgment action and that each party was to bear their own costs and fees.  Counsel for CNA also stated in the letter that he would immediately advise the Court that the cases have settled and would file a motion to vacate and dismiss the appeal in the Eighth Circuit.[2]

On December 26, 2006, after Rainwater filed its petition for attorney's fees, counsel for CNA wrote the Court to advise it that the case had settled and that CNA would be opposing the request for attorney's fees. [3]

Rainwater argues that there is ambiguity in the settlement and that it never intended to settle its claim for attorney's fees as provided by the Court order.  Rainwater submitted a subsequent release by the News, which Rainwater contends clarifies the intent of the parties as it does not include the proposed language that the News reimburse CNA in the event attorneys' fees are awarded to the Rainwaters.

The Court is not so convinced that the release itself supports Rainwater's position because the omitted language of reimbursement of attorney's fees to the Rainwaters indicates that the attorney's fee claim survives the settlement.

In any event, the Court finds that the settlement did not extinguish the claim of Rainwater for attorney's fees from CNA.  The December 20th letter stating that a settlement was reached was in response to a letter of counsel for the News and Lanes.[4]  The December 20, 2006, letter states that CNA accepts "your clients' joint settlement demand of $2 million . . . " The Rainwaters had not made a settlement demand and had not been involved in that settlement demand of the News and Lanes.   It appears that CNA was acting on behalf of its insureds in settling the case.  However, CNA did not have

---

[2] Exhibit A to Motion for Attorney's Fees (document no. 40).

[3] Document no. 41.

[4] Exhibit 2 to Response in Opposition to Motion for Attorney's Fees (document no. 42).

authority to extinguish Rainwater's separate claim for fees against it in general boilerplate language that each party would bear its own costs and fees.  Rainwater in prevailing on the declaratory judgment action had its own claim for attorney's fees against CNA based on the statute.   Thus, the Court finds that the Rainwater's claim for attorney's fees is not extinguished by the settlement agreement.

> Ark. Code Ann. § 23-79-209 provides:
>
> (a) In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his or her rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.
>
> (b) The fees shall be based on the face amount of the policy involved.
>
> (c) The attorney's fees shall be taxed by the court where the suit is heard on original action, by appeal or otherwise, and shall be taxed up as a part of the costs therein and collected as other costs are or may be by law collected.

In Arkansas, there is no fixed formula for determining the reasonableness of the attorney's fee.  The Arkansas Supreme Court has "recognized factors such as the experience and ability of the attorney; the time and work required; the amount involved in the case and the results obtained; the novelty and difficulty of the issues involved; the fee customarily charged in the locality for similar legal services; whether the fee is fixed or contingent; the time limitations imposed upon the client or the circumstances; and the likelihood, if apparent to the client, that the acceptance of the particular case will preclude other employment by the lawyer."  *Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 514 (1993).

Rainwater asks the Court to go outside these factors to make an award.  It makes a number of arguments as to why it should be entitled to a fee greater than just the number of hours reasonably expended by the hourly rate.  Rainwater first argues that it

is entitled to a contingency fee of 33% of the $2 million, analogizing this case to a personal injury action.  The Court disagrees.  This is not a case where counsel assumes the risk of representing an injured party on the possibility that the party will recover damages in which counsel will share a percentage.  Here, counsel for Rainwater represented Rainwater in a claim by its insurer that it was not liable to Rainwater under the policies.  Rainwater wasn't going to recover damages.  It would only prevail on a declaration that its insurance policies covered the accident.  Thus, an award based on a contingency fee is not appropriate in this instance.

Rainwater next points to Ark. Code Ann. § 23-79-208 which provides that when an insured is required to sue its insurance company to recover a first party claim, they are awarded a reasonable attorney's fees and twelve percent penalty The Court is not convinced that the 12% penalty applies to claims under Section 23-79-209, and the Arkansas Supreme Court has so held.  *Shelter Mut. Ins. Co. v. Smith*, 300 Ark. 348, 353 (1989).   Certainly, had the Arkansas legislature wanted to include such a penalty it would have done so.  In not doing so, the Arkansas legislature distinguished between first party claims and third party claims.

Rather than a 12 percent penalty, Section 23-79-209 contains  language that the fees "shall be based on the face amount of the policy involved."  In an attempt to interpret legislative intent, Rainwater contends that language means that a bigger policy should merit an enhancement of the fee award.  The Court doesn't agree.  An alternative interpretation is that the legislature put in the language to serve as a limiter; that is that the award of fees should not be excessive in comparison to the face value of the policy.

In the absence of clear legislative intent, the Court is persuaded that the appropriate award is based on the factors set forth in *Shepherd.*  This is a relatively straightforward case where counsel is retained on an hourly rate to defend a declaratory judgment action.  Rainwater's counsel has not provided any information to warrant deviation from the lodestar amount, that is, number of hours reasonably expended times hourly rate.  Counsel states that he expended 135.3 hours.  CNA does not contest the reasonableness of the hours, and the Court finds that 135.3 hours were reasonably

expended.

Rainwater has submitted the affidavit of an attorney practicing in the Jonesboro, Arkansas area who states that the prevailing rate for complex insurance and commercial litigation in the area is $175.00 to $200.00 per hour for experienced attorneys. The Court finds that counsel for Rainwater is entitled to any hourly rate of $175.00.

Thus, the Court finds that Rainwater's counsel is entitled to an attorney's fee in the amount of $23,667.50.

Accordingly, the motion for attorney's fees (document no. 40) is granted as set forth above.  the motion to file an additional brief (document no. 48) is granted. Rainwater is hereby awarded $23,667.50 in attorney's fees from plaintiff.

IT IS SO ORDERED this 8th day of February, 2007.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE